ANDREA M. HICKS, California Bar No. 219836
DIANE P. CRAGG, California Bar No. 221121
**BRYAN CAVE LLP**
560 Mission Street, Floor 25
San Francisco, CA 94105
Telephone:	(415) 675-3400
Facsimile:	(415) 675-3434
Email:	andrea.hicks@bryancave.com
	diane.cragg@bryancave.com

NEERU JINDAL, California Bar No. 235082
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:	(310) 576-2100
Facsimile:	(310) 576-2200
Email:	neeru.jindal@bryancave.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBIN PEARSON, | Case No. 3:14-cv-04524-JSC |
| Plaintiff(s), | Hon. Jacqueline Scott Corley |
| v. | **DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| GREEN TREE SERVICING, LLC; NORTHWEST TRUSTEE SERVICES, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; BANK OF AMERICA, N.A.; and DOES 3 through 100, inclusive, | |
| Defendant(s). | [Fed.R.Civ.P. 12(b)(6)] |
| | [Filed concurrently with Request for Judicial Notice and Proposed Order] |
| | Date: November 20, 2014<br>Time: 9:00 a.m.<br>Courtroom: F |
| | Complaint Filed: September 12, 2014<br>Trial Date: Not set |

1058480.3

NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF AND/OR HER COUNSEL OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on November 20, 2014 at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom F of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Bank of America, N.A. ("BANA") will, and hereby does, move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing the claims in the Complaint of plaintiff Robin Pearson ("Plaintiff") for failure to state a claim upon which relief can be granted.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the files and records herein, and such further evidence as may be received by the Court.

Dated: October 15, 2014

Respecfully submitted,

**BRYAN CAVE LLP**

By: ___/s/ *Neeru Jindal*___
     Neeru Jindal
     Attorneys for Defendant
     BANK OF AMERICA, N.A.

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.   INTRODUCTION**

3      In August 2013, Plaintiff Robin Pearson filed a Complaint in state court against Green Tree Servicing, LLC ("Green Tree") alleging that it violated California's Homeowners Bill of Rights ("HBR") in recording a Notice of Default in May 2013 while her application for a loan modification review was purportedly pending.

     On September 12, 2014, Plaintiff filed a Doe Amendment adding moving party, Bank of America, N.A. ("BANA") as a defendant to this suit. By Doe Amendment she also added Federal National Mortgage Association ("FNMA")as a party. Plaintiff has not filed an amended pleading asserting any claims against BANA; instead, she brazenly claims in her Doe Amendment, without factual support, that BANA is vicariously liable for the acts of Green Tree because BANA employed Green Tree as a "subservicing agent."

     As an initial matter, Plaintiff's entire Complaint, and each claim therein, is moot, as the Notice of Default has been rescinded and Plaintiff is not entitled to any further relief under law. Moreover, Plaintiff's theory of liability is without legal basis or factual support and Plaintiff's Complaint against BANA should be dismissed because she alleges no connection between BANA, Green Tree and/or the wrongdoing of which she complains. Accordingly, for these reasons, and as discussed below, BANA respectfully requests that this Court grant its Motion to Dismiss with prejudice.

**II.   STATEMENT OF FACTS**

     On August 19, 2003, Plaintiff obtained a $224,000.00 loan from Bank of America, N.A. secured by a Deed of Trust on certain real property (the "DOT"). (Request for Judicial Notice ("RJN"), Exh. A).

     On November 14, 2012, MERS recorded an Assignment of Deed of Trust assigning its beneficial interest under the DOT to Green Tree Servicing, LLC ("Green Tree"). (RJN, Exh. B).

After Plaintiff defaulted on her loan, a Notice of Default was recorded on May 1, 2013. (RJN, Exh. C). The Notice of Default contains a Declaration of Due Diligence executed by Green Tree, as "Mortgage Servicer." (*Id.*)

On November 12, 2013, a rescission of the Notice of Default was recorded. (RJN, Exh. D).

In August 2013, Plaintiff filed her lawsuit against Green Tree alleging that it improperly recorded the Notice of Default while her application for a modification review was purportedly pending. (*See gen.*, Comp.) Although the Notice of Default was rescinded, Plaintiff amended her Complaint by Doe Amendment to add BANA and FNMA as parties. (*See gen.*, Amendment). In there, she admits that her loan was service transferred to Green Tree in November 2012, and, accordingly, it became her loan servicer. (Amendment, ¶ 6). Nevertheless, she ambiguously claims that Green Tree, FNMA and BANA entered into some type of employment arrangement whereby BANA and/or FNMA employed Green Tree as the "subservicing agent." (*Id.*, ¶ 9). Based thereon, she seeks to hold BANA vicariously liable for Green Tree's acts, as alleged in the Complaint. (*Id.*, ¶ 10).

### III. **LEGAL STANDARD**

To comply with Federal Rule of Civil Procedure 8, "plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. L.A. County*, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A complaint containing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," does not state a cognizable claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Indeed, a court should grant a Rule 12(b)(6) motion if there is a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (internal quotes omitted).

Although the court must construe the facts in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Assoc. Gen. Contrs. of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Twombly*, 550 U.S. at 545-547 (citations omitted); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

## IV. PLAINTIFF'S ALLEGATIONS FAIL UNDER *TWOMBLY*.

A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To base an action on violation of statute, the relevant terms of the statute must be alleged. *Brown v. So. Calif Edison Co.,* 12 Cal. App. 102, 104 (1932); *Brotemarkle v. Snyder,* 99 Cal. App. 2d 388, 390 (1950). A party claiming that conduct violated statutes must allege with "reasonable particularity" the facts supporting the statutory elements of the violations. *Perdue v. Crocker Nat'l Bank,* 38 Cal.3d 913, 929 (1985). A person challenging a nonjudicial foreclosure "has the burden of pleading and proof at trial of improper procedure and consequent prejudice." *Anderson v. Heart Fed. Savings and Loan Assn.,* 208 Cal. App. 3d 202, 209 (1989). Plaintiff's claims here fail under *Twombly*. Plaintiff makes broad and conclusory assertions regarding BANA's vicarious liability for the acts of its co-defendants, but Plaintiff does not provide any facts with respect to any particular agency relationship between BANA, Green Tree, and FNMA. Furthermore, Plaintiff fails to allege any underlying wrongdoing or HBR violation(s) by BANA.

Plaintiff's allegations fail to meet the minimal pleading requirements established in *Twombly* and fail to comply with Rule 8 of the Federal Rules of Civil Procedure.

///

///

## V. PLAINTIFF'S CLAIMS IN THE COMPLAINT ARE MOOT.

Plaintiff seeks injunctive relief under Cal. Civ. Code § 2924.12(a) for alleged violations of Cal. Civ. Code § 2923.6(c),(f), 2924.17. (*See gen.,* Comp. ) All three of these alleged violations relate to Green Tree's recording of the Notice of Default. Moreover, all six of Plaintiff's causes of action in the Complaint are moot because Green Tree has corrected any purported violation by recording the Notice of Rescission of Notice of Default. (RJN, Exh. D).

A borrower may bring an action for injunctive relief to enjoin a "material violation" of Cal. Civ. Code § 2923.6 if, *where, as here*, a trustee's deed upon sale has not been recorded. Cal. Civ. Code § 2924.12(a)(1). However, "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent <u>shall not be liable for any violation that it has corrected and remedied</u> prior to the recordation of a trustee's deed upon sale. Cal. Civ. Code § 2924.12(c). (Emphasis added.)

Here, Plaintiff claims Green Tree violated Sections 2923.6(c), 2924.17 by recording the Notice of Default in April 2013 while Plaintiff was purportedly in review for a first lien loan modification. (*See* Comp., ¶¶ 21, 25, 30). Assuming *arguendo* that the recording of the notice of default was improper, Plaintiff's claims still fail because Green Tree cured the alleged violation by recording the November 2013 Notice of Rescission. (RJN, Exh. D.) Under Cal. Civ. Code § 2924.12(c), a defendant is not liable for any violation it has "corrected and remedied" prior to the recordation of a trustee's deed upon sale. The notice of rescission clearly cured any potential "dual tracking" violations by Green Tree. In addition, Plaintiff is not entitled to damages under the statute. *See* Civ. Code § 2923.6(b) (a mortgage servicer or trustee can only be liable to a borrower for damages under section 2923.6 after a trustee's deed upon sale has been recorded).

Accordingly, Plaintiff's claims for violation of Cal. Civ. Code § 2923.6, 2924.17 fail.

///

///

## VI. PLAINTIFF DOES NOT ALLEGE FACTS DEMONSTRATING THAT BANA IS VICARIOUSLY LIABLE FOR GREEN TREE'S ALLEGED ACTS.

Plaintiff purports to establish vicarious liability against BANA by claiming it executed a "power of attorney" in favor of Green Tree, that Green Tree committed the acts alleged in the Complaint under BANA's "directive," and that BANA "employed" Green Tree as a subservicer under a "confidentiality agreement." (Amendment, ¶¶ 9-10). Despite these vague and conclusory allegations, Plaintiff, however, has not and cannot plausibly and specifically allege any facts to establish vicarious liability against BANA under the doctrine of respondeat superior. Absent such plausible and specific allegations, BANA is not a proper defendant.

According to Black's Law Dictionary, "respondeat superior" is "[t]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of employment or agency." Black's Law Dictionary, 1313 (7th ed. 1999); *see also Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-297 (1995) ("The rule of respondeat superior is familiar and simply stated: an employer is vicariously liable for the torts of its employees committed within the scope of the employment."). Under California's doctrine of respondeat superior, an employer is vicariously liable for the torts of its employees committed within the scope of the employment. *Duste v. Chevron Products Co.*, 738 F.Supp.2d 1027 (N.D. Cal. Sept. 2, 2010).

The burden is on the "plaintiff to prove that the employee's tortious conduct was committed within the scope of employment." *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 209 (1991); *Huntsinger v. Glass Containers Corp.*, 22 Cal. App. 3d 803, 808 (1972). An act is committed within the scope of employment if the act: (a) was either required by, or incident to, the employee's duties, or (b) could be reasonably foreseen as an outgrowth of those duties. 3 Witkin, Summary 10th (2005) Agency, § 176, p. 221 (citations omitted). Whether an employee has acted within the scope of employment is a question of law when the facts are undisputed and no conflicting inferences are possible. *Delfino v. Agilent*

*Technologies, Inc.*, 145 Cal. App. 4th 790 (2006). The plaintiff bears the burden of establishing that the employee's action for which vicarious liability is sought to be imposed was committed within the scope of the employment. *Id.*

Here, Plaintiff's "claim" for the imposition of liability under the doctrine of respondeat superior is premised on her purported theory in the Doe Amendment that BANA somehow "employed" Green Tree. This theory, however, is rebutted by the other allegations of the Complaint (as well as Plaintiff's Declaration filed in support of the Complaint), which indicate that Green Tree was the servicer at the time of events complained of in the Complaint. *See Cristler v. Express Messenger Sys., Inc.*, 171 Cal. App. 4th 72, 83 (2009).

In addition, even if the doctrine of respondeat superior could somehow be deemed to apply (a point BANA does not concede), Plaintiff has already obtained all possible relief against Green Tree – an injunction—and is not entitled to any further relief against BANA. As discussed above, her claims are each moot with the recording of the rescission of the Notice of Default and should be dismissed.

## VII. CONCLUSION

For the reasons set forth herein, Bank of America, N.A. respectfully requests that its Motion to Dismiss be granted in its entirety, without leave to amend.

Dated: October 15, 2014

Respecfully submitted,

**BRYAN CAVE LLP**

By: ___/s/ *Neeru Jindal*___
Neeru Jindal
Attorneys for Defendant
BANK OF AMERICA, N.A.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is **BRYAN CAVE LLP**, 120 Broadway, Suite 300, Santa Monica, California 90401. I am employed by a member of the Bar of this Court at whose direction the service was made.

Notice has been electronically mailed to:

Jason Allen Savlov                    jsavlov@rcolegal.com

Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to:

T. Theodore Cruz
Attorney at Law
2120 Railroad Avenue, Suite 103-245
Pittsburg, CA 94565


Dated:          October 15, 2014    Respectfully submitted,

**BRYAN CAVE LLP**


By: /s/Ervin D. Upton
    Ervin D. Upton

1058480.3

PROOF OF SERVICE