United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7   ROBIN PEARSON,                              Case No. 14-cv-04524-JSC

            Plaintiff,
8
                                                **ORDER GRANTING DEFENDANT
9       v.                                      BANK OF AMERICA'S MOTION TO
                                                DISMISS**
10  GREEN TREE SERVICING, LLC, et al.,
                                                Dkt. Nos. 5, 13, 16
            Defendants.
11

12          Plaintiff Robin Pearson ("Plaintiff") brings this action to prevent foreclosure of her home.

13  She sues Defendants Green Tree Servicing, LLC ("Green Tree"), Northwest Trustee Services

14  ("Northwest"), Federal National Mortgage Association ("Fannie Mae"), and Bank of America,

15  N.A. ("BANA") (together, "Defendants"), all of whom were involved in the servicing of

16  Plaintiff's mortgage. Plaintiff essentially contends that Green Tree's action in recording a Notice

17  of Default in May of 2013 while her application for a loan modification was pending violated a

18  provision of the California Homeowners Bill of Rights ("HBOR") that prevents "dual tracking"—

19  the processing of loan modification requests and taking steps towards foreclosure at the same time.

20  Plaintiff alleges that BANA and Fannie Mae are also responsible for this dual tracking violation

21  through theories of agency or vicarious liability. Now pending before the Court is Defendant

22  BANA's Motion to Dismiss (Dkt. No. 5), which Defendant Fannie Mae has joined. (*See* Dkt. No.

23  13.) Defendants seek to dismiss Plaintiff's complaint primarily on the ground that her claims are

24  moot, which Plaintiff now concedes.[1] However, Plaintiff still contends that she is entitled to fees

25  and costs pursuant to HBOR. (Dkt. No. 22 at 3.)

26  _____

27  [1] Plaintiff's concession came in the form of a supplemental response to Defendants' reply. (Dkt.
    No. 22.) In the ordinary course, "[o]nce a reply is filed, no additional memoranda . . . may be filed
28  without prior Court approval[.]" N.D. Cal. Local R. 7-3(d). The Court grants Plaintiff leave to
    file her supplemental response and will consider it in deciding the instant Motion to Dismiss.

Because Green Tree has cured any HBOR violation by filing a Notice of Rescission of Notice of Default, the Court will dismiss Plaintiff's complaint as moot without prejudice to Plaintiff filing a motion for attorney's fees and costs.

## I. BACKGROUND

### A. The California Homeowner Bill of Rights

The California Homeowner Bill of Rights ("HBOR") is a "state law designed to both provide protections for homeowners facing [non-judicial] foreclosure and reform aspects of the foreclosure process." *Shapiro v. Sage Point Lender Servs.*, No. EDCV 14-1591-JGB (KKx), 2014 WL 5419721, at *4 (C.D. Cal. Oct. 24, 2014) (citing Cal. Civ. Code § 2923.4(a)). Among its protections to home borrowers, the HBOR "attempts to eliminate the practice, commonly known as dual tracking, whereby financial institutions continue to pursue foreclosure even while evaluating a borrower's loan modification application." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013); *see* Cal. Civ. Code § 2923.4 (noting that the purpose of the act is to ensure that borrowers are "considered for, and have a meaningful opportunity to obtain, available loss mitigation options" in order to avoid foreclosure). To that end, once a borrower has submitted a complete loan modification application, the HBOR imposes a variety of requirements on servicers including barring the servicer from recording a notice of default while the application is pending and providing written notice of any denial of a first loan modification. Cal. Civ. Code § 2923.6(c), (f). Relatedly, servicers are required to state in the denial of a loan application that they reviewed competent and reliable evidence about the borrower's loan situation leading to the decision to foreclose. *Id.* § 2924.17(a).

The HBOR provides a cause of action for borrowers to enjoin a material violation of Sections 2923.6 and 2924.17, among others. *Id.* § 2924.12(a). However, the HBOR also provides a "safe harbor" for servicers, which states that a servicer "shall not be liable for a violation that it [or a third party] has corrected and remedied prior to the recordation of a trustee's deed upon sale[.]" *Id.* § 2924.12(c). In other words, if the servicer takes action to correct the violation before proceeding to foreclosure, no liability results. HBOR further provides that "[a] court may award a prevailing borrower reasonable attorney's fees and costs[.]" *Id.* § 2924.12(i). The law defines a

United States District Court
Northern District of California

"prevailing borrower" as one who has "obtained injunctive relief or was awarded damages pursuant to this section." *Id.*

### B. Factual and Procedural History

Because Plaintiff concedes that her complaint is moot, a detailed recitation of the facts is not necessary. However, some background is needed to put the outstanding fee dispute into context. The following is compiled from Plaintiff's complaint and amendment thereto, as well as judicially noticeable documents attached to the pleadings.[2]

In August of 2003, Plaintiff took out a loan from BANA secured by her home property in Pittsburg, California. (Dkt. No. 1 at 7 ¶ 1; Dkt. No. 7-1 at 1.) According to Plaintiff, Fannie Mae backed the original mortgage. (Dkt. No. 1 at 10 ¶ 14.) In November of 2012, BANA assigned the deed of trust to Green Tree, which acted as the debt collector and mortgage servicer on the loan. (Dkt. No. 1 at 8 ¶ 2.) Defendant Northwest became the trustee of the deed of trust. (*Id.* ¶ 3.)

Plaintiff alleges that she stopped making timely mortgage payments in December of 2012. (*Id.* at 8 ¶ 6.) According to Plaintiff, when she called Green Tree to request a loan modification to

---

[2] Pursuant to Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it:  (i) is generally known within the trial court's territorial jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record."  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

BANA asks the Court to take judicial notice of four documents all recorded in the Contra Costa County Recorder's Office:  (1) a Deed of Trust recorded on August 27, 2003 (Dkt. No. 7-1); (2) an Assignment of Deed of Trust recorded on November 14, 2012 (Dkt. No. 7-2); (3) a Notice of Default recorded on May 1, 2013 (Dkt. No. 7-3); and (4) a Notice of Rescission of Notice of Default and Election to Sell recorded on November 12, 2013 (Dkt. No. 7-4).  (*See* Dkt. No. 7.) Likewise, Plaintiff asks the Court to take judicial notice of three court orders from the Contra Costa County Superior Court while this case was still pending there:  (1) an order granting Plaintiff's motion to compel discovery and sanctions against Green Tree (Dkt. No. 16 at 1); (2) a tentative ruling granting Plaintiff's request for a preliminary injunction (Dkt. No. 16 at 5); and (3) a preliminary injunction enjoining Defendants from foreclosing on Plaintiff's home during the pendency of this action (Dkt. No. 16 at 6).  (Dkt. No. 16.)

The documents listed above are public records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  What is more, neither party has objected to the Court's consideration of these documents or challenged any of the facts in them.  Accordingly, the Court GRANTS both BANA's and Plaintiff's requests for judicial notice of these documents.

1    prevent foreclosure, an employee offered her only a limited forbearance and refused to send a

2    written offer.  (*Id.* ¶ 8.)  Plaintiff then requested, received, and submitted to Green Tree a complete

3    application for a first loan modification; she alleges that, by letter of January 18, 2013, Green Tree

4    stated that it had received her application and would begin to evaluate her eligibility.  (*Id.* ¶ 10.)

5    According to Plaintiff, instead of processing her application, Green Tree (through its trustee

6    Northwest) recorded a Notice of Default and Election to Sell Under Deed of Trust.  (*Id.* at 10 ¶ 13;

7    *id.* at 19 ¶ 8; Dkt. No. 7-3 at 2-3.)  Plaintiff does not allege a pending foreclosure following that

8    notice; instead, over two weeks later, on May 16, 2013, Green Tree offered Plaintiff a loan

9    modification.  (Dkt. No. 1 at 10 ¶ 13.)  Plaintiff alleges that during the course of events just

10   described, BANA and Fannie Mae employed Green Tree as a "sub-servicing agent" while

11   remaining the actual servicer on the loans.  (*Id.* at 19 ¶ 9.)

12          Plaintiff filed a complaint against Green Tree, Northwest, and a number of Doe defendants

13   in Contra Costa County Superior Court on August 21, 2013 alleging violations of HBOR.  (Dkt.

14   No. 1.)  In September of 2013, the Superior Court issued a preliminary injunction barring

15   Defendants from proceeding with foreclosure during the course of litigation.  (Dkt. No. 16 at 6.)

16   Two months later, Green Tree recorded a Rescission of the Notice of Default.  (Dkt. No. 7-4.)

17          The case remained in Superior Court until September of 2014, when Plaintiff amended the

18   complaint to substitute BANA and Fannie Mae for the Does.  (Dkt. No. 1 at 17.)  Defendants

19   removed the case to federal court in October of 2014 (Dkt. No. 1), and then filed the instant

20   motion to dismiss.

21   **II.  DISMISSAL**

22       **A.  Legal Standard on a Motion to Dismiss**

23          Defendants argue that the complaint should be dismissed because Plaintiff's claims are

24   moot and because she fails to state a claim upon which relief may be granted.  "Mootness is a

25   jurisdictional issue."  *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).  A claim is moot if it

26   has lost its character as a present, live controversy and if no effective relief can be granted due to

27   subsequent developments.  *Am. Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995).

28   When injunctive relief is involved, questions of mootness are determined in light of the present

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1   circumstances.  *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).  Motions raising

2   jurisdictional issues are treated as brought under Rule 12(b)(1) even if improperly identified under

3   Rule 12(b)(6).  *See St. Clair v. Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  Because the issue of

4   mootness may render the court without jurisdiction to review the substance of the complaint, when

5   a defendant brings both 12(b)(1) and 12(b)(6) challenges, the court must address the mootness

6   question first.  *See, e.g.*, *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 899 (N.D. Cal. 2006).

7      **B.  Analysis**

8          Plaintiff has conceded that her complaint is moot, and the Court agrees.  Having remedied

9   the very violation that the complaint sought to cure—rescission of the Notice of Default— there is

10  no remaining case or controversy for the Court to adjudicate based on present circumstances, so

11  dismissal is proper.  *See Mitchell*, 75 F.3d at 528.  Even if the Court had jurisdiction, the

12  complaint still fails to state a claim upon which relief may be granted because the HBOR's safe

13  harbor provision shields Defendants from any liability under Section 2923.6(c) in any event.

14  Accordingly, the Court concludes that the complaint should be dismissed in its entirety as against

15  all Defendants.

16  **III.    ATTORNEY'S FEES AND COSTS**

17         The only remaining issue before the Court is Plaintiff's request that any order dismissing

18  the case not preclude Plaintiff from moving for an award of attorney's fees and costs pursuant to

19  Section 2924.12(i) of the HBOR.  As Plaintiff sees it, because she obtained a preliminary

20  injunction from the Contra Costa County Superior Court and this action was rendered moot by

21  Green Tree's own actions—*i.e.*, filing a Notice of Rescission—Plaintiff is a "prevailing party"

22  under Section 2924.12(i).

23         Multiple courts in this District and elsewhere have declined to award fees and costs to

24  plaintiffs where the servicer has remedied an alleged HBOR violation triggering the law's safe

25  harbor provision.  For example, in *Diamos v. Specialized Loan Servicing LLC*, No. 13-cv-04997

26  NC, 2014 WL 3362259, at *4 (N.D. Cal. Nov. 7, 2014), the court ruled the plaintiff's dual-

27  tracking claim moot because the servicer rescinded the most recent notice of default, which

28  limited its exposure to liability stemming from the recording of that notice of default.  *Id.* at *4

1    (citations omitted).  The *Diamos* court rejected the plaintiff's request for attorney's fees and costs

2    pursuant to Section 2924.12(i), finding that the plaintiff "may not seek remedies under Section

3    2924.12(i) that do not apply to the present status of the property."  *Id.* (citation omitted); *see also*

4    *Vasquez v. Bank of America, N.A.*, No. 13-CV-2902 JST, 2013 WL 6001924, *7 (N.D. Cal. Nov.

5    12, 2013) (declining to award fees where the defendant had corrected the violation); *Jent v. N.*

6    *Trust Corp.*, No. 13-cv-01684 WBS, 2014 WL 172542, at *5 (E.D. Cal. Jan. 15, 2014) (same);

7    *Ellis v. Bank of America, N.A.*, No. CV 13-5257-CAS (AGRx), 2013 WL 5935412, at *4 (C.D.

8    Cal. Oct. 28, 2013) (same).

9           In this action, Plaintiff seeks to distinguish *Diamos* and its progeny by highlighting that she

10   obtained the injunctive relief of which Section 2924.12(i) speaks:  a preliminary injunction

11   enjoining Defendants from foreclosing on her property during the pendency of the litigation.

12   (Dkt. No. 16 at 6.)  Indeed, there is no indication that the borrowers in *Diamos*, *Vasquez*, *Jent*, and

13   *Ellis* obtained preliminary injunctive relief as Plaintiff has here.  *Cf. Diamos*, 2014 WL 3362259,

14   at *4; *Vasquez*, 2013 WL 6001924, at *7; *Jent*, 2014 WL 172542, at *5; *Ellis*, 2013 WL 4935412,

15   at *4.  Plaintiff cites *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 717 (9th Cir. 2013), for

16   the proposition that a plaintiff is a prevailing party eligible for a fee award if, after obtaining a

17   preliminary injunction, the case is rendered moot by a defendant's voluntary actions.  (Dkt. No. 22

18   at 3.)  The plaintiff in *Higher Taste* obtained a preliminary injunction for civil rights violations

19   under 42 U.S.C. § 1983 enjoining the defendant from continuing to infringe on its rights, but the

20   parties settled—and the defendant enacted new regulations to fix the problem—before the case

21   proceeded to final judgment.  *Id.* at 716-17.  The Ninth Circuit noted that a preliminary injunction

22   combined with a moot case affords "prevailing party" status despite the absence of final judgment

23   when it materially alters the parties' legal relationship, which occurs when the plaintiff "force[s]

24   the defendant to do something he otherwise would not have to do[,]" and is based on a finding that

25   the plaintiff has shown a substantial likelihood of success on the merits suggesting that the

26   defendant's change in conduct bears a judicial imprimatur.  *Id.* at 716.[3]

27

28   ───────────────

[3] Courts use the *Higher Taste* rationale, or its substantial equivalent, to define "prevailing party"
under other federal statutes, *see, e.g.*, *Cal. Native Plant Soc'y v. EPA*, No. C 06-3604 PJH, 2013

United States District Court
Northern District of California

1    Such appears to be the case here.  Plaintiff obtained injunctive relief that forced Green Tree

2  to provide her with the very relief she sought in this action:  the termination of foreclosure

3  proceedings against her home.  What is more, the preliminary injunction issued explicitly based on

4  her likelihood of success on the merits.  (*See* Dkt. No. 16 at 5-6.)  Given HBOR's relatively recent

5  enactment, there is little case law interpreting its provisions, and the Court has found no case that

6  presents the particular situation at issue here—a motion for attorney's fees and costs filed after the

7  case is mooted by defendant's rescission of a notice of default following the plaintiff obtaining

8  preliminary injunctive relief—but importing the *Higher Taste* logic to find eligibility for

9  attorney's fees in the HBOR context squares with the purpose of the statute as a whole:  protecting

10  borrowers.  *See Shapiro*, 2014 WL 5419721, at *4.  Accordingly, Plaintiff must be allowed to at

11  least make a motion for attorney's fees and costs.

12                                        **CONCLUSION**

13    For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss and

14  will DISMISS the complaint in its entirety.  The dismissal is without prejudice to Plaintiff filing a

15  motion for attorney's fees and costs by January 8, 2015.

16    **IT IS SO ORDERED**.

17  Dated:  November 21, 2014

18  _____

19  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

20

21

22

23

24

25

26

27

28

WL 600093, at *3 (N.D. Cal. Dec. 19, 2013) (applying the *Higher Taste* rationale to prevailing party fees under NEPA), as well as state laws, *see, e.g.*, *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 560 (2004) (clarifying the "catalyst theory" by which plaintiffs are entitled to "prevailing party" fees under state law where the "defendant changes its behavior substantially because of, and in the manner sought by, the litigation" so long as the lawsuit has some merit).

7

United States District Court
Northern District of California